Wright, J.,
delivered the opinion off the Court.
This is a writ of error, prosecuted to this Court by a Sheriff and his sureties, to reverse a judgment rendered upon motion against him and them in the Circuit Court, for the alleged collection of certain moneys, or notes, or claims, within the jurisdiction of a Justice of the Peace; and for the non-return, according to law, of a certain execution issued by a Justice of the Peace, and which money, it is averred, was collected by, and which execution came to the hand of, a ■ deputy of the Sheriff.
Among the notes alleged to have been so collected, and included within the judgment, was one for the sum of $140.25, upon one Nored and others, and a3 to which the proof was this; During the term of office of the Sheriff, the note was received for collection, by his deputy, who owed one Turberville the sum of |100, money loaned. Turberville applied to the deputy Sheriff for payment, who told him he did not have the money, but that he had the note on Nored and others; that he, (Turberville,) could get the money on it when called for, and offered him said note if he would pay him the balance; that Turberville *34 received said note of the deputy Sheriff in discharge of the $100, and paid him $40 or $41, the difference, and afterwards, and on the next day, collected the money from Nored.
"We think the Circuit Court erred in giving judgment for this claim. The money due upon it was, in fact, never collected by the officer, but instead thereof, he wrongfully converted and disposed of the note in payment of his own debt. For such an act no Statute gives a remedy by motion. If, indeed, there should be any official liability about it, or the debtor in the note be at all discharged by the payment to Turberville, as to which we here need now say nothing authoritatively. It may be proper, however, to remark that the Sheriff is a ministerial officer, whose duties and responsibilities are prescribed by law, and when money is required to be received upon process or claims put in his hands, he can lawfully receive nothing else; and if he do so, i. e., if he take debts due by himself,, choses in action, or property, it is not a satisfaction of the debt, and the debtor may be made to pay it again, and the Sheriff having acted out of his line of duty, his securities are not responsible for the act. The actual receipt of the money by the Sheriff is a condition of the debtor’s discharge. The cases go upon the ground of public policy, which will not suffer the officer to travel out of his duty: Bank of Orange County vs. Wakeman, I Cowen, 46; Dickin vs. Gilleland, Ib., 499; Codinee vs. Sield, 9 Jons.. 263; Lyttle vs. Etherly, 10 Yer., 389-393; Crutchfield vs. Robins, Tingley & Co., 5 Hum., 15-18; Griffin et al. vs. Thompson, 2 Howard U. S. Rep., 244-259; Buchanan et als. vs. Tinner et al., W., 258. In the cases in 2 Howard, it is held by the Supreme Court of the United *35 States, that a Marshal has no right to receive even bank notes in discharge of an execution, unless authorized to do so by the plaintiff, and that in such a casé the debtor is not acquitted of the debt. In. Tennessee we do not go to this extent, holding as we do, (5 Hum., 15-18) that current, convertible bank paper is money, and that a receipt of such by the Sheriff, is a discharge of -the execution, unless it be objected to on the part of the creditors before the reception of it. But still the decisions of both 'Courts equally settle the principle, that the Sheriff, without the sanction of the creditor, can, in the discharge of the debt, receive nothing but money. If the officer had. actually collected the money of the debtor upon the claim, thougli without process, then by force of the legislation of our State, he and his sureties would be liable; but the act of the deputy in this instance, though grossly wrongful, was, we apprehend, unofficial, and could not be obligatory upon the principal Sheriff or his sureties, or on. the creditor.
As to the execution which was not returned, and the amount of which was two methods, is the correct one in computing the Sheriff’s term, for it was held in Fondin et als. vs. the Planters’ Bank; 7 Hum., 447, that where a Sheriff received an execution before his term of service, expired, returnable afterwards, that unless he had made a levy before his term of office expired,- he had no power to act on the writ afterwards, and that he and his sureties would not be liable on motion for its non-return;;and it is not pretended here that he made any levy, or commenced the execution of the writ. In such a case, there is no official- default, (at least as to the return of the execution,) during the Sheriff’s term for. which this *36 motion is given, and of course there can be none after* wards. The same principle was involved in Todd vs. Jackson and Securities, 3 Hum., 398. It was there held that under the Act of 1811, ch. 49, sec. 1, a Sheriff going out of office, may transact such business as • may remain unsettled in his hands at the time of going out, but he is not authorized to serve process, although in his hands at the expiration of his term of service; and that the interest of the community demanded this construction of the act, otherwise a question of great difficulty would arise, as to the liabilities of the sureties of an out-going Sheriff.
This section of the Act of 1811, with some also included within the judgment, the facts are these: The Sheriff was elected on the first Saturday in March, 1858, and on the 5th of April following, qualified, and held the office for his term Of two years, but was defeated at the succeeding election in March, 1860, and went out of office. The deputy, (Burnett,) was appointed on the next day, (the 6th of April,) after the qualification of the Shoi’iff, and continued in office during the official term of his principal; and on the 19th day of March, 1860, received for collection the execution in question, which was issued by the Justice of the Peace on that day, and bore that date, and was returnable according to law, and was for the sum of $273.02, upon one Dortch and others, and the same was not, in fact, returned to the Justice.
We also think, that upon this proof, the Circuit Court ■ erred in giving - judgment for the non-return of this execution. The execution did not, in fact, issue until after the Sheriff. had gone out Of office, counting the two years from the period of bis election, nor by law,, *37 was it returnable until after he had ceased to be an officer, reckoning the commencement of his term from the date of his qualification. We need not here consider which of these changes of phraseology is carried into the Code, at Section 369; but we do not suppose it was intended thereby, to alter the previous settled law, as to the power of an out-going Sheiiff to execute process.
As to the other claims embraced in the judgment, the proof shows they were actually ■ collected by the Deputy Sheriff during the official term of his principal, and as to them the judgment is proper.
The judgment will be reversed, and modified as above.